IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE THORNTON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-5554 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

# MEMORANDUM

**Juan R. Sánchez, J.**                                                               August 23, 2017

Plaintiff Joanne Thornton brings this putative class action against the City of Philadelphia, the Philadelphia Sheriff's Office, and Philadelphia Sheriff Jewell Williams alleging she and other class members were denied procedural due process in connection with the distribution of unused proceeds from sheriff's sales of the class members' real property.

After being unable to pay her mortgage, Thornton's home was foreclosed upon and sold at a sheriff's sale to a third-party purchaser for $305,000. The Sheriff's Office collected the proceeds and thereafter proposed a Schedule of Distribution, indicating that, after paying liens and costs associated with the property and sheriff's sale, the unused proceeds due to Thornton amounted to $193,795.18. Included in the costs associated with the sheriff's sale, and thus deducted from the proceeds, was a title insurance policy in the amount of $1,317.50. The Sheriff's Office later amended the Schedule of Distribution to include, among other things, a $179,454 lien on the property, thus reducing the unused proceeds to $11,968.17. Thornton filed a claim for the unused proceeds, which have been distributed to her. In her Amended Complaint, Thornton asserts she was deprived procedural due process in the distribution of the unused proceeds, and that the Schedule of Distribution should not have been amended and should not have accounted for the title insurance policy.

Defendants move to dismiss Thornton's Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging Thornton was afforded sufficient process in connection with the distribution of the sheriff's sale proceeds and has available to her further process, under Pennsylvania law, to challenge the calculation and distribution of unused proceeds. Because the Court agrees, Defendants' motion will be granted, and Thornton's Amended Complaint will be dismissed without prejudice.

**FACTS**[1]

Thornton previously owned real property located at 1609 Christian Street in Philadelphia. Thornton was unable to make her mortgage payments. In May 2011, her mortgagee, EverBank, filed a complaint for mortgage foreclosure in the Court of Common Pleas of Philadelphia County. In September 2014, Thornton's property sold at a sheriff's sale for $305,000 to a third party purchaser.

The Philadelphia Sheriff's Office collected the proceeds from the sale and thereafter issued a Proposed Schedule of Distribution of the proceeds listing taxes, fees, costs, liens, and mortgages associated with the property, as well as "unused proceeds" from the sale to be distributed to Thornton. One such deduction includes the cost of a title insurance policy in the amount of $1,317.50. After accounting for all costs and liabilities from the sale proceeds, the Proposed Schedule of Distribution listed the unused proceeds as $193,795.18. Sometime thereafter, the Proposed Schedule of Distribution was amended to include, among other things, a

---

[1] The following facts are drawn from Thornton's Complaint, the exhibits attached thereto, and documents filed of record in the underlying foreclosure action, all of which this Court may properly consider in evaluating the instant motions to dismiss. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (holding documents a court may consider in deciding a Rule 12(b)(6) motion to dismiss include "the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents").

Redevelopment Authority of the City of Philadelphia (RDA) mortgage in the amount of $179,454.

After the amendment, the unused proceeds amounted to $11,968.17. Pursuant to Pennsylvania law, Thornton filed a Defendant Asset Recovery Team claim for the unused proceeds in August 2016, about two years after the sheriff's sale. The Sheriff's Office disbursed a check to Thornton for the unused funds.

Thornton brings this putative class action lawsuit against the City, the Sheriff's Office, and the Sheriff, asserting she was deprived of procedural due process because she did not receive the amount of unused proceeds calculated in the original Schedule of Distribution, that the Sheriff's Office improperly amended the Schedule of Distribution, and that the sale proceeds should not have been used to pay for the title insurance policy. In bringing this class action, she seeks to represent two classes of individuals. As to the first class, Thornton seeks to represent those individuals "whose real property was foreclosed and sold at sheriff sale for an amount in excess of the legal credit price plus costs and who did not recover the excess funds remaining from the proceeds of such sheriff's sale after all proper liability had been satisfied." Am. Compl. ¶ 40. As to the second class, Thornton seeks to represent those individuals "who were charged a premium by Defendants for a title insurance policy insuring Defendants for their actions related to a sheriff's sale." *Id.*

Thornton also brings claims under Pennsylvania law for breach of contract, negligent mishandling of funds, unjust enrichment, and conversion. Thornton seeks compensatory and punitive damages and a declaratory judgment that Defendants' policies are unconstitutional. Defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a Rule 12(b)(6) motion, a district court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

In evaluating Thornton's procedural due process claims, the Court must first determine whether her asserted individual interest is constitutionally protected. *See Baraka v. McGreevey*, 481 F.3d 187, 205 (3d Cir. 2007). Property interests protected by the Due Process Clause of the Fourteenth Amendment "are not created by the Constitution." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). Rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). To have a protected property interest

in a benefit, a person must have "more than an abstract need or desire for it" or "a unilateral expectation of it"; she must have "a legitimate claim of entitlement to it." *Baraka*, 481 F.3d at 205 (quoting *Roth*, 408 U.S. at 577).

The distribution of proceeds generated from a sheriff's sale is governed by Pennsylvania Rule of Civil Procedure 3136, which outlines the Sheriff's duties in connection with a sheriff's sale and remedies for interested parties dissatisfied with a schedule of distribution. Rule 3136 sets forth the distribution procedures as follows:

> (a) Not later than thirty days after the sale of real property and not later than five days after the sale of personal property, the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be filed in the prothonotary's office. No schedule of distribution or list of liens need be filed when the property is sold to the plaintiff for costs only.
>
> (b) When a receipt of the plaintiff or other lien creditor has been accepted on account of the purchase price the schedule shall set forth the name and address of the plaintiff or lien creditor, the amount of the judgment or lien, identifying it, and the amount of credit claimed and allowed upon the purchase price.
>
> (c) In sales of real property the sheriff shall attach to the schedule a list of liens upon the property sold as certified from the record by the proper officers or a guaranteed search from any title company authorized to do business within the county. The cost of certifying the list of liens or the title search, the acknowledgment, recording and registry of the deed and transfer or documentary stamps shall be charged as an expense of distribution.
>
> (d) The sheriff shall distribute the proceeds of sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule.
>
> (e) Upon the filing of exceptions, the sheriff shall transmit them to the prothonotary together with a copy of the proposed schedule of distribution.
>
> (f) The court shall determine the exceptions, and for this purpose may receive evidence by deposition or otherwise, or may appoint an auditor to hear the evidence and report to the court.
>
> (g) The proceeds of sale need not be paid into court by the sheriff but upon petition of the sheriff or any party in interest, the court may order the proceeds to be paid into court to await distribution or may order the sheriff to invest the fund for distribution pending final disposition of the exceptions or an appeal therefrom.

(h) If the sheriff receives any money for costs or in connection with a stay, adjournment or postponement of sale or otherwise, the sheriff shall account for it on returning the writ.

Pa. R. Civ. P. 3136.

Under Pennsylvania law, "[a] defaulting mortgagor of land . . . has the right to receive from the proceeds of the sale of the mortgaged land the amount, if any, in excess of the mortgage debt." *In re Evergreen Mem'l Park Ass'n*, 308 F.2d 65, 67 (3d Cir. 1982) (citations omitted); *accord W. Sav. Fund Soc'y of Phila. v. Devlin*, 61 Pa. D. & C.2d 702, 707 (Pa. Ct. Com. Pl. 1973) ("When the proceeds of a sale upon execution are more than sufficient to satisfy the liens upon a property sold and the costs of sale, it is the judgment debtor who is entitled to the surplus."); *cf. In re Sheriff's Excess Proceeds Litig.*, 98 A.3d 706, 713 n.2 (Pa. Commw. Ct. 2014) ("When a foreclosure sale generates proceeds in excess of existing tax liens and costs, [Rule 3136] requires the Sheriff to distribute the excess proceeds to the former property owner . . . .").

Although Thornton has a "legitimate claim of entitlement" under Pennsylvania law to the unused proceeds generated from the sheriff's sale—implicating a property interest protected by the Fourteenth Amendment—she does not have a legitimate claim to any proceeds beyond what she has already received. While the original Proposed Schedule of Distribution calculated unused proceeds as $193,795.18, that calculation proved incomplete. After taking into account all liabilities on the property, the Proposed Schedule of Distribution was amended to reflect $11,968.17 in unused proceeds. Thornton acknowledges she received these unused proceeds, *see* Am. Compl. ¶ 24, but nevertheless suggests she is entitled to the amount of unused proceeds as originally calculated. Thornton's pleadings, however, belie any attempt to establish a legitimate claim to additional proceeds, as she fails to assert that the final calculation is incorrect or

6

inaccurate. She likewise does not contest the legitimacy of the RDA mortgage, which amounted to $179,454, or any other amount not accounted for in the original Proposed Schedule of Distribution. Because Thornton received the unused funds as reflected in the latest Schedule of Distribution, the Court finds she does not have a legitimate claim of entitled to any additional funds from the sale. Any procedural due process claim based on the calculation of unused proceeds in the original, and incomplete, Proposed Schedule of Distribution is meritless.

Thornton also alleges she was deprived of $1,317.50 because the Sheriff's Office used that amount of the proceeds from the sale to pay for a title insurance policy. Under Rule 3136, the Sheriff's Office is authorized to charge as an expense of distribution the "cost of certifying the list of liens or the title search, the acknowledgement, recording and registry of the deed and transfer or documentary stamps." Pa. R. Civ. P. 3136(c). The cost of title insurance, according to Thornton, falls outside the scope of costs authorized by Rule 3136 and was thus improperly deducted from the unused proceeds. Thornton urges the Court to follow *Fulton Nat'l Bank of Lancaster v. Haygood*, 65 Pa. D. & C. 2d 120 (Pa. Ct. Comm. Pl. 1973), which found that Rule 3136(c) "neither expressly nor impliedly authorize[s] the sheriff to tax as costs the premium on a distribution policy of insurance." *Id.* at 121.

Thornton's reliance on *Haygood* is misplaced.[2] The plaintiff in *Haygood* did not pursue a procedural a due process claim. Instead, the *Haygood* plaintiff successfully had the cost of title insurance "stricken as an item of costs" by taking exception to the Schedule of Distribution. *Haygood*, therefore, illustrates that Pennsylvania law affords adequate process for an individual

---

[2] The Court notes that *Haygood*, a forty-year-old case from the Lancaster County Court of Common Pleas, is not binding on this Court. Because *Haygood* is the sole case supporting Thornton's claim, the Court doubts Thornton can assert a legitimate claim of entitlement to the proceeds used for the policy. In any event, for purposes of deciding this motion, the Court assumes Thornton's legitimate claim of entitlement in these proceeds to conclude the process afforded and available to her is sufficient.

7

to challenge a schedule of distribution and be relieved of any error in the distribution. *See also* Pa. R. Civ. P. 3136 (providing procedures for an individual to take exception to a schedule of distribution). Indeed, the Commonwealth Court of Pennsylvania, in *In re Sheriff's Excess Proceeds Litigation*, reinforced that Pennsylvania Law provides an adequate remedy to correct a procedural defect in the distribution of unused proceeds from a sheriff's sale. In that case, the owners of properties sold at a sheriff's sale brought a class action complaint against the sheriff's office for failure to distribute excess proceeds after tax liens were paid. Addressing whether pursuing a class action was an appropriate remedy, where statutory remedies are available, the court assessed the distribution procedure itself, finding the plaintiffs had remedies available pursuant to Rule 3136 to challenge the distribution of unused proceeds that would "afford the putative class members full relief." *In re Sheriff's Excess Proceeds Litig.*, 98 A.3d at 730. Moreover, the court agreed with the sheriff's office that the plaintiffs "could allege procedural defects in their [Rule] 3136 proceedings." *Id.* As in *In re Sheriff's Excess Proceeds Litigation*, Thornton has "not established that [Rule] 3136 . . . [is] inadequate" to afford her relief from any error in the distribution of unused funds. Because the Court agrees that Pennsylvania law affords Thornton adequate process to challenge the distribution of proceeds, including challenging the Sheriff's use of $1,317.50 from the sale proceeds to pay for a title insurance policy, the Court finds she was not deprived procedural due process.

Moreover, to the extent that Thornton does not receive the relief she desires from objecting to, pursuant to Rule 3136, the Sheriff's use of the sale proceeds to pay for title insurance, she may appeal such a determination.[3] Decisions by the Sheriff's Office are governed

---

[3] In her appeal, Thornton could likewise challenge the Sheriff's amendment of the Proposed Schedule of Distribution and the determination she was not entitled to the original calculation of unused proceeds.

by Pennsylvania Local Agency Law,[4] *see Grabfelder v. Cty. of Montgomery*, 690 A.2d 1308, 1310 (Pa. Commw. Ct. 1997), which provides appellate rights to those seeking review of an agency determination:

> Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

2 Pa. Cons. Stat. § 752; *see id.* § 101 (defining "adjudication" as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or *property rights,* privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made" (emphasis added)). For those seeking to challenge an agency decision, § 752 provides "sufficient process to protect . . . property rights." *McDaniels v. Flick*, 59 F.3d 446, 461 (3d Cir. 1995); *see Gulick v. City of Pittston*, No. 12-141, 2012 WL 2154178, at *3 (M.D. Pa. June 13, 2012) (finding § 752 provided adequate process to challenge agency determination and that plaintiff could not maintain procedural due process claim absent allegations that process was defective, such as the appeal "was decided by a biased decisionmaker," or the § 752 process "is unavailable or patently inadequate").

Here, Thornton does not allege that her appellate rights under § 752 are unavailable, defective, or inadequate; indeed, she has not yet availed herself of her rights under § 752. This is reason enough to deny her procedural due process claim. A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). More than merely allege a deprivation of a protected interest, Thornton, to state a due process claim, must "take[]

---

[4] Under Pennsylvania law, a "local agency" is a "[a] government agency other than a Commonwealth agency." 2 Pa. Cons. Stat. § 101.

advantage of the processes that are available to . . . her, unless those processes are unavailable or patently inadequate." *Id.* There can be no due process violation, therefore, when the state "has made procedural protection available and the plaintiff has simply refused to avail" herself to them. *Id*.

Notwithstanding the availability of sufficient process, Thornton has failed to avail herself of it to challenge the Sheriff's use of the sale proceeds to pay for a title insurance policy. Thornton cannot "skip that process and use the federal courts as a means to get back what [she] wants," *id.*, and, until she does utilize the process available to her, any procedural due process claim will remain meritless. Because Thornton may yet avail herself of this process, and suffer some defect therein, the Court will dismiss her procedural due process claim without prejudice.[5]

Thornton's remaining state-law claims are likewise dismissed without prejudice. *See Bright v. Westmoreland Cty.*, 443 F.3d 276, 286 (3d Cir. 2006) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." (alteration in original)); *Ward v. Pennsylvania*, No.14-17, 2014 WL 4682067, at *7 (E.D. Pa. Sept. 22, 2014) (dismissing federal claim without prejudice and thus declining to exercise supplemental jurisdiction over plaintiff's state law claims and dismissing those claims without prejudice); *Pen-Del Mortg. Assocs. v. F.D.I.C.*, No. 94-67, 1995 WL 27516, at *1 (E.D. Pa. Jan. 20, 1995) ("The Courts in

---

[5] As Defendants concede, Thornton "had and still has every opportunity to assert her claim through a local agency appeal." Defs.' Reply 4; *see also* Defs.' Mot. 7 ("[I]f Plaintiff is dissatisfied with the distribution made to her by the Sheriff, she has the power of judicial enforcement available to her under Pennsylvania law."); *id.* at 9-10 (arguing "Plaintiff has every right to take exception to . . . any . . . cost paid for by the proceeds from the sheriff sale" and "has available to her appellate rights pursuant to local agency law").

this district ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed." (internal quotations omitted)).

An appropriate Order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.